UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARIIQ JONES,

    Plaintiff,                                      Civil Action No. 19-CV-12008

vs.                                                 HON. BERNARD A. FRIEDMAN

UNIVERSITY OF DETROIT MERCY,
ROBERT VOWELS and
BACARI ALEXANDER,

    Defendants.
_____/

**<u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ON COUNT I AND DISMISSING
PLAINTIFF'S STATE-LAW CLAIMS WITHOUT PREJUDICE</u>**

This matter is presently before the Court on defendants' motion for summary judgment [docket entry 29]. Plaintiff has filed a response in opposition, defendants have filed reply, and plaintiff has filed a sur-reply. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall grant the motion as to plaintiff's federal claim and dismiss plaintiff's state-law claims without prejudice.

At all times relevant to this matter, plaintiff was an undergraduate student at University of Detroit Mercy and a member of its basketball team. The basis of plaintiff's complaint is an incident that occurred with the coach, Bacari Alexander, during a basketball practice on November 6, 2017. Plaintiff alleges that:

> 22. In response to a simple statement Plaintiff made to Defendant Alexander during the team huddle, Defendant Alexander turned to Plaintiff, aggressively grabbed his genitals through his pants so the outline could be seen while thrusting his hips in Plaintiff's direction, and yelled at Plaintiff, "suck my dick!"
>
> 23. Defendant Alexander stood only approximately three

to five feet away from Plaintiff as he yelled and thrusted [sic] his hips—the outline of his genitals clearly visible—towards Plaintiff.

24. Plaintiff was shocked and embarrassed during this sexually-charged encounter, particularly as it occurred in front of all his teammates.

Compl. ¶¶ 22-24. At his deposition plaintiff described the incident as follows:

A. We're . . . in the huddle, and we're all in the circle in the middle, and you know, Bacari is just asking about mistakes we made about the game, but he kept saying "yesterday," so I said "Hey, Coach," I said – correct him to say hey coach, the game was before – I said it was the day before yesterday, not yesterday. So he kind of looked at me.

\* \* \*

Q. I get it, I'm just – trying to lay out the facts. You've got an already agitated coach, there's a lot of yelling and screaming going on, and now you're in a little bit of a huddle and you're correcting your coach about what the date is; is that fair?

A. I guess –

Q. Okay

A. – you could say that.

Q. What happened then?

A. Like I said, after he asked everybody, you know, what happened, the mistakes, I just said hey, coach, it was the day before yesterday, and he looked at me in my eyes, and he said, you know, "Suck my dick," and he grabbed his crotch.

\* \* \*

A. We're kind of sitting in the huddle, he's about two people to my right, two off to my right, and I correct him, and then he stares at me, he says suck my crotch – "suck my dick" with a little crotch in it, and then he goes back, and then as he's looking at me like this, he goes back and said okay, like I was saying –

2

> Q. Okay.  You can sit down.
>
> A. – and then he goes back to his story on asking us what we did wrong, and he kind of goes off about it like what he just said never happened.

Pl.'s Dep. at 128-30.  Plaintiff further testified that Alexander "never touched me, he just made the gesture."  *Id.* at 133.  Alexander never said or did anything else that plaintiff found to be inappropriate.  *Id.* at 141.  He agreed that this was an "isolated incident."  *Id.* at 142.

Based on this single incident (and the university's response thereto,[1] which in plaintiff's view was insufficient), plaintiff asserts claims under Title IX, 20 U.S.C. § 1681(a), against the university (Count I); the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2401, *et seq* against the university and its athletic director, Robert Vowels (Count II); assault against Alexander (Count III); and intentional infliction of emotional distress against Alexander and Vowels (Count IV).  For relief, plaintiff seeks damages, costs, interest, and attorney fees.

Defendants seek summary judgment on all counts.  Under Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In deciding such a motion, the Court

> must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). . . .To withstand

---

[1] The university's athletic director, Robert Vowels, heard of the incident on November 10.  The following Monday, November 13, he met jointly with plaintiff and Alexander to discuss the incident, and on November 14 Vowels suspended Alexander until December 6 because of this comment.  Pl.'s Resp. Br. at 3-4.  The university's HR department and Title IX coordinator also had some involvement, but there is no need to describe it in detail given the Court's determination that plaintiff has not stated a Title IX claim.

> summary judgment, the non-movant must present sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 341-42 (6th Cir.1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

*Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

Plaintiff's first claim is brought under Title IX of the Education Act of 1972, 20 U.S.C. § 1681(a), which states: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." This statute "includes the duty not to discriminate on the basis of sex, which encompasses a teacher's sexual harassment of a student." *Williams ex rel. Hart v. Paint Valley Local Sch. Dist.*, 400 F.3d 360, 366 (6th Cir. 2005). To state a claim under this statute based on sexual harassment (whether "student on student" or "teacher on student"), plaintiff must show "harassment that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 633 (1999). *Accord Stiles ex rel. D.S. v. Grainger Cty., Tenn.*, 819 F.3d 834, 848 (6th Cir. 2016).

Alexander's single comment and gesture were not severe enough to constitute actionable sexual harassment under Title IX. In *Chisholm v. St. Marys City Sch. Dist. Bd. of Educ.*, 947 F.3d 342 (6th Cir. 2020), the plaintiffs were high school football students who objected to similarly crude comments by their coach, Paul Frye:

> On a daily basis, Frye called Chisholm, Lininger, and their teammates various names, including "pussy, bitch, and pretty boy." Frye also continued to make an example of Lininger, complaining that it was impossible to win with players who wasted their talents like Lininger. Some of Lininger's teammates even joined in, calling Lininger a "pussy" and "soft."

*Chisholm v. St. Marys City Sch. Dist. Bd. of Educ.*, 947 F.3d 342, 347 (6th Cir. 2020). In affirming the district court's grant of summary judgment for defendants, the Sixth Circuit stated:

> Of course, Plaintiffs cannot be faulted for finding Frye's use of the term "pussy" offensive, even in a football setting. But crude or vulgar language alone does not rise to the level of a Title IX violation. After all, Title IX, like Title VII, is not a "general civility code." *See Oncale*, 523 U.S. at 81, 118 S.Ct. 998. Plaintiffs may also be correct that Frye used the term as an assault on their masculinity. To Frye, the term was a vehicle for criticizing male athletes for not acting in an aggressive or "tough" manner. Yet the mere use of an offensive or gendered term does not in itself rise to the level of discrimination on the basis of sex. *See Oncale*, 523 U.S. at 81, 118 S.Ct. 998 ("[The plaintiff] must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted discrimina[tion] ... because of ... sex.") (original emphasis).
>
> \* \* \*
>
> [W]e must consider the context in which Frye made these comments. *Oncale*, 523 U.S. at 82, 118 S.Ct. 998. Plaintiffs were high school football players, and Frye was their coach. Though the record suggests that Frye's use of profanity in general, and the term "pussy" in particular, was pervasive, Plaintiffs have not shown that Frye's statements were sufficiently severe or objectively offensive to merit Title IX relief. On the football field, where emotions and adrenaline can run high, it is not unheard of for coaches and players alike to use offensive or gendered language, especially in the heat of a game. Viewed in this light, Frye's conduct, while less than laudable, does not meet the high bar for severe, pervasive, and objectively offensive conduct. *See Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 360, 363 (6th Cir. 2012) (holding that three separate occasions of sexual harassment—a male student shoving a female student into a locker, demanding that she perform oral sex on him, and making obscene sexual gestures at her—was not "severe, pervasive, and objectively offensive").

*Id.* at 350-53.

Similarly, in *Moeck v. Pleasant Valley Sch. Dist.*, 179 F. Supp. 3d 442, 444 (M.D. Pa. 2016), plaintiff C.M., a member of her high school's wrestling team, sued her school district under Title IX due to alleged sexually harassing comments made by her coach:

> Several statements, while not made directly to plaintiff, were made in her proximity and involved her. For example the coach asked a male who plaintiff was wrestling, "How does it feel knowing that's probably one of the only women you'll ever have on top of you?" (*Id*. at 133). Additionally, plaintiff stated that "[a]nd when he [J.J.] had to wrestle me one time [Coach Getz's] saying that I would be the only girl he'd [J.J.] touch—" (*Id*. at 93). We will take these statements into consideration in analyzing the totality of the circumstances plaintiff's case.
>
> The coach additionally made direct statements to plaintiff that related to her sex. Directly to plaintiff, he said that she had to be a "boy" on the team, that she and another girl in the room had to have "strap-ons"—prosthetic penises. Over several years, he made the "strap-on" comment four times and the boy comment twice. (*Id*. at 32). Throughout her two years on the high school team the coach also said to "put your balls to the mat, you can't have your hips up." (*Id*. at 90). A statement he evidently also made to male team members. An assistant coach also once asked plaintiff if she was having her menstrual cycle during a wrestling match because he could see her "pad" through her singlet. (*Id*. at 100). He then laughed about it with another coach. (*Id*.)

179 F. Supp. 3d at 447. The court granted summary judgment for defendant because these comments, while offensive, were not sufficiently severe or pervasive to be actionable under Title IX. The court explained:

> A review of all these statements reveals fewer than ten sexually-tinged comments over the course of two or three years. Such sporadic incidents are not sufficiently pervasive to establish a sexual harassment claim. *Rush v. Scott Specialty Gases, Inc*., 113 F.3d 476, 482 (3d Cir.1997). Moreover, the statements are mere offensive utterances. While they are offensive and inappropriate, the statements do not address plaintiff in a sexual way. Significantly, she was not

6

> sexually propositioned, physically threatened or touched in a sexual manner. *See Oncale*, 523 U.S. at 80, 118 S.Ct. 998 ("Courts and juries have found the inference of discrimination easy to draw in most male-female sexual harassment situations, because the challenged conduct typically involves explicit or implicit proposals of sexual activity[.]").
>
> \* \* \*
>
> This case is different from cases where the courts found sufficient evidence to maintain a sexual harassment case under Title IX. For example, the Second Circuit Court of Appeals found sufficient evidence where a college professor compared a female student to Monica Lewinsky in almost every class and sometimes when she was not present in class as well as outside of class. *Hayut v. State Univ. of N.Y.*, 352 F.3d 733 (2d Cir.2003). In another case, sufficient facts were found where a college student alleged that a professor made sexual comments, physical contact and propositioned her for sex. *Mandsager v. Univ. of N.C. at Greensboro*, 269 F. Supp. 2d 662 (M.D.N.C. 2003). In this case, plaintiff alleges no physical contact or propositioning for sex. Plaintiff has cited to no cases, and our research has uncovered none, where the plaintiff properly brought a sexual harassment claim under facts similar to those found in this case.

*Id.* at 447-48 (footnotes omitted).

Alexander's comment and gesture in the present case clearly do not constitute Title IX sex discrimination any more than the coaches' comments in *Chisholm* or *Moeck*. This was simply "locker room talk" which, while crude and inappropriate, cannot be characterized as "so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." *Davis, supra.* Plaintiff concedes that this was a single, isolated event[2] that lasted a matter of seconds, and that Alexander did not say or do anything inappropriate

---

[2] This fact alone dooms plaintiff's Title IX claim. As noted above, the Supreme Court held in *Davis* that a Title IX plaintiff must show "harassment that is . . . severe, pervasive, and objectively offensive." 526 U.S. at 633. The Sixth Circuit has stated that in the Title IX context "pervasive . . . means multiple incidents of harassment; *one incident of harassment is not*

7

beforehand or afterwards. Alexander did not threaten plaintiff, he did not touch plaintiff, and he did not proposition plaintiff for sex. Because plaintiff's Title IX claim fails for this reason, the Court need not examine whether the university was deliberately indifferent in the manner it responded. *See Foster v. Bd. of Regents of Univ. of Mich.*, 982 F.3d 960 (6th Cir. 2020). The Court shall grant summary judgment for defendant University of Detroit Mercy on this basis.[3]

This Court's subject matter jurisdiction is based entirely on the federal question presented by plaintiff's Title IX claim. *See* Compl. ¶ 8. The Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367. *Id.* ¶ 9. When, as in the present case, the Court disposes of the federal claim(s) and it has only supplemental jurisdiction over the state-law claim(s), the Court should dismiss the state-law claims without prejudice. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008); *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is granted as to

---

enough." *Kollaritsch v. Mich. State Univ. Bd. of Trustees*, 944 F.3d 613, 620 (6th Cir. 2019) (emphasis added).

[3] Plaintiff's Title IX claim fails for another reason as well. Title IX prohibits discrimination in the educational setting "on the basis of sex." 20 U.S.C. § 1681(a). There is no indication in this case that Alexander directed his comment and gesture at plaintiff "on the basis of," i.e., because of, plaintiff's sex. *See Nungesser v. Columbia Univ.*, 244 F. Supp. 3d 345, 362-63 (S.D.N.Y. 2017) ("In order to be considered gender-based harassment, the harassing conduct must 'support an inference of discrimination on the basis of sex.'") (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). Rather, it is apparent that Alexander's comment and gesture were triggered by plaintiff interrupting and correcting him during the team huddle. The mere fact that the comment and gesture were sexual in nature – that they were "tinged with offensive sexual connotations," *Oncale*, 523 U.S. at 81 – does not show that they discriminated against or harassed plaintiff because of his gender.

plaintiff's Title IX claim (Count I).

IT IS FURTHER ORDERED that plaintiff's remaining claims (Counts II-IV) are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: February 17, 2021         SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan